# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KOUROSH MORAKABIAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00100-SDJ- |
| v. | § | CAN |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment [Dkt. 32]. Having considered Allstate's Motion, Plaintiff's Response [Dkt. 33], Allstate's Reply [Dkt. 34], Plaintiff's Sur-Reply [Dkt. 36], the oral argument of the Parties at Hearing, each of the supplemental briefing and notices submitted by the Parties, and all other relevant filings, the Court recommends Allstate's Motion for Summary Judgment [Dkt. 32] be **GRANTED**, as set forth herein.

## RELEVANT PROCEDURAL HISTORY

Plaintiff Kourosh Morakabian's ("Plaintiff") suit arises out of an insurance claim for damage to his residence, allegedly caused by wind and hail during a storm on or around August 16, 2020 [Dkt. 9 at 3]. On January 7, 2021, Plaintiff filed his original petition in the 397th District Court of Grayson County, Texas, Cause No. CV-21-0023, against Defendant Allstate Vehicle and Property Insurance Company ("Defendant" or "Allstate") [Dkt. 1 at 1]. On February 3, 2021, Allstate removed Plaintiff's suit to the Eastern District of Texas based on diversity jurisdiction [Dkt. 1]. On March 5, 2021, Plaintiff filed his amended complaint – the live pleading – alleging

Allstate wrongfully denied or underpaid his insurance claim in violation of the Texas Insurance Code and in breach of his insurance policy with Allstate [Dkt. 9].

### *Plaintiff's Claims – the Live Pleading*

Plaintiff asserts two groups of claims against Allstate: (1) breach of contract; and (2) noncompliance with the Texas Insurance Code.  With respect to the Texas Insurance Code, Plaintiff alleges violations of the prompt payment requirements under Chapter 542, specifically including violation of the 60-day deadline to pay a claim under § 542.058, as well "bad faith" violations of Chapter 541 for unfair settlement practices and misrepresentations regarding the Policy and coverage [Dkt. 9 at 8-9].  Plaintiff seeks exemplary/treble damages pursuant to § 541.152, statutory interest and attorney's fees under § 542.060, attorney's fees pursuant to Texas Civil Practice & Remedies Code §§ 38.001-38.003, as well as costs, pre-judgment interest, and post-judgment interest [Dkt. 9 at 8-10].

### *Abatement & Appraisal Award*

On September 22, 2021, Plaintiff made a written demand for appraisal under the terms of the policy, and, on October 4, 2021, the Parties jointly sought abatement of these proceedings as required by the appraisal clause [Dkt. 20 at 1-2].  On October 5, 2021, the Court stayed these proceedings pending completion of the appraisal process and issuance by the appraisal panel of its final award [Dkt. 21].  On February 7, 2022, the Parties notified the Court that the appraisal award had been received by the Parties.  Allstate paid the appraisal award that same month.

### *Motion for Summary Judgment*

Shortly thereafter, on March 28, 2022, Allstate filed the instant Motion for Summary Judgment [Dkt. 32].  On April 18, 2022, Plaintiff filed his response [Dkt. 33], on April 25, 2022, Allstate filed its reply [Dkt. 34], and on April 27, 2022, Plaintiff filed a sur-reply [Dkt. 36].  On

June 2, 2022, the Court held a hearing, and heard oral argument on the Motion, and thereafter directed the Parties to file supplemental briefing addressing the additional payment made by Allstate to Plaintiff and notifying the Court of any relevant authority supporting the Parties' respective arguments regarding attorney's fees under Chapter 542A of the Texas Insurance Code. On June 9, 2022, Allstate filed its supplemental brief [Dkt. 43]. The same day, Plaintiff filed his supplemental brief [Dkt. 44], and on June 10, 2022, Allstate filed a response to Plaintiff's supplement [Dkt. 45]. The Parties have also submitted numerous notices of supplemental authority.[1] The Court has considered all briefing submitted by the Parties.

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses to help "secure the just, speedy and inexpensive determination of every action." *Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc.*, 496 F. App'x 446, 449 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The substantive law will identify which facts are material. This means only disputes over facts that might affect the outcome of the suit under the governing law

---

[1] On August 24, 2022, Plaintiff filed a notice of authority in support on his response [Dkt. 51], and on August 25, 2022, Allstate filed a response to such notice [Dkt. 52]. On September 12, 2022, Allstate filed its notice of supplemental authority [Dkt. 55], on September 30, 2022, Plaintiff filed his response such notice [Dkt. 59], and on October 3, 2022, Allstate filed its reply [Dkt. 60]. On October 6, 2022, Allstate filed a second notice of supplemental authority [Dkt. 62]. On October 31, 2022, Plaintiff filed a second notice of supplemental authority [Dkt. 64], and on November 11, 2022, Allstate filed a response [Dkt. 65].

will properly preclude the entry of summary judgment." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019) (citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019)) (cleaned up).

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Bucklew v. Precythe*, 139 S. Ct. 1112, 1131 (2019). When the movant does not bear the burden of proof at trial, the movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Gonzales v. ConocoPhillips Co.*, 806 F. App'x 289, 291 (5th Cir. 2020) (citing *Celotex*, 477 U.S. at 323). Once the movant has carried its burden, the nonmovant "must go beyond the pleadings and identify specific evidence in the record showing that there is a genuine issue for trial." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 307 (5th Cir. 2020). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Malbrough v. Stelly*, 814 F. App'x 798, 802 (5th Cir. 2020) (citing *Anderson*, 477 U.S. at 249-50). The Court need only consider the record materials cited by the parties. FED. R. CIV. P. 56(c)(3). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quotations omitted).

## SUMMARY JUDGMENT EVIDENCE

Allstate submits the following evidence in support of its Motion for Summary Judgment:

Exhibit A [Dkt. 32-1 at 1-5]: Declaration of Stefan Tendorf;
    Exhibit A-1 [Dkt. 32-1 at 6-37]: Allstate Claim Activity File Notes
        Excerpts;
    Exhibit A-2 [Dkt. 32-1 at 38-42]: Allstate's First Notice of Loss;
    Exhibit A-3 [Dkt. 32-13 at 43-47]: Allstate Correspondence re Claim
        Status;

Exhibit A-4 [Dkt. 32-1 at 48-58]: Allstate Estimate;

Exhibit A-5 [Dkt. 32-1 at 59-61]: Plaintiff's Appraisal Demand;

Exhibit A-6 [Dkt. 32-1 at 62-64]: Allstate's Appraiser Designation;

Exhibit A-7 [Dkt. 32-1 at 65-73]: Appraisal Award and Estimates;

Exhibit A-8 [Dkt. 32-1 at 74-76]: Allstate Correspondence Re: Payment of Appraisal Award;

Exhibit A-9 [Dkt. 32-1 at 77-85]: Check Stubs and Delivery Confirmation;

Exhibit A-10 [Dkt. 32-1 at 86-87]: Allstate's Claim Acknowledgement;

Exhibit A-11 [Dkt. 32-1 at 88-140]: Plaintiff's Homeowners Policy with Business Records Affidavit;

Exhibit A-12 [Dkt. 32-1 at 141-43]: Prior Claim re: Your Claim Status;

Exhibit A-13 [Dkt. 32-1 at 144-52]: Revised appraisal award and revised estimate;

Exhibit A-15 [Dkt. 32-1 at 153-73]: Allstate's Prior Claim History Report;

Exhibit A-16 [Dkt. 32-1 at 174-81]: Allstate's Prior Claim Estimate;

Exhibit A-17 [Dkt. 32-1 at 182-86]: Allstate's Prior Claim First Notice of Loss;

Exhibit A-18 [Dkt. 32-1 at 187-98]: Prior Claim Photos;

Exhibit B [Dkt. 32-2 at 1-3]: Declaration of Kevin Rogers;

Exhibit B-1 [Dkt. 32-2 at 4-109]: Report of Kevin Rogers;

Exhibit B-2 [Dkt. 32-2 at 110-14]: CV of Kevin Rogers;

Exhibit C [Dkt. 32-3 at 1-3]: Declaration of Sara Inman;

Exhibit C-1 [Dkt. 32-3 at 4-5]: Correspondence to appraisal panel;

Exhibit D [Dkt. 32-4 at 1-5]: *Losciale v. State Farm Lloyds*, No. 4-14-0016, at *5 (S.D. Tex. July 14, 2017, Memorandum and Order, Judge Nancy F. Atlas);

Exhibit E [Dkt. 32-5 at 1-10]: *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. June 28, 2019);

Exhibit F [Dkt. 32-6 at 1-9]: *Pearson v. Allstate Fire and Casualty Ins. Co.*, 2020 WL 264107 (N.D. Tex. Jan. 17, 2020, Memorandum Opinion, Judge Renee Toliver);

Exhibit G [Dkt. 32-7 at 1-4]: New Texas Law Affects Property Damage Lawsuits;

Exhibit H [Dkt. 32-8 at 1-13]: *Gonzalez v. Allstate Vehicle and Property Insurance Company*, 2020 WL 6149889 (S.D. Tex. July 17, 2020, Memorandum Opinion and Order, Judge Kenneth Hoyt p. 11);

Exhibit I [Dkt. 32-9 at 1-22]: *White v. Allstate Vehicle and Property Insurance Company*, Civil Action No. 6:19-cv-00066, (S.D. Tex. Sept. 21, 2021, Memorandum Opinion and Order, Judge Drew Tipton); and

Exhibit K [Dkt. 32-10 at 1-9]: Deposition of Lisa Morakabian.

In its supplemental briefing, Allstate submits the following additional evidence:

Exhibit A [Dkt. 43-1]: Allstate's TPPCA Interest Payment & Declaration of Cristine Cannizzaro.
Exhibit A-8 [Dkt. 45-1]: Correspondence regarding Allstate's TPPCA Interest Payment.

Plaintiff submits the following evidence in response to the Motion for Summary Judgment:

Exhibit A [Dkt. 33-1 at 1-17]: *Gonzalez v. Allstate Vehicle and Property Insurance Company* (W.D. Tex. Dec. 2, 2019), Order on Defendant's Motion for Summary Judgment;

Exhibit B [Dkt. 33-2 at 1-54]: *Lopez v. Allstate Texas Lloyds* (S.D. Tex. Feb. 24, 2020), Transcript of Pretrial Conference before U.S. District Judge Michaela Alvarez;

Exhibit C [Dkt. 33-3]: Declaration of Brandon Allen Pursuant to 28 U.S.C. § 1746 (April 18, 2020);

Exhibit D [Dkt. 33-4]: Report of Brandon Allen (July 5, 2021);

Exhibit E [Dkt. 33-5]: Declaration of Bobby Crowson;

Exhibit F [Dkt. 33-6]: CV of Bobby Crowson; and

Exhibit G [Dkt. 33-7] Deposition testimony of Lisa Morakabian.

In his supplemental briefing, Plaintiff submits the following additional evidence:

Exhibit 1 [Dkt. 44-1]: Declaration of Veronica Hernandez;
Exhibit 1-A [Dkt. 44-2]: Documentation regarding Allstate's supplemental payment.

No objections have been made to the Court's consideration of any of the submitted summary judgment evidence.[2]

---

[2] Allstate has filed a motion for leave to exclude from trial the testimony of Plaintiff's expert witnesses Bobby Crowson and Charles Martin [Dkt. 46], which remains pending. Such motion will be considered separately, if needed, upon the District Court's consideration of the instant recommendation on the Motion for Summary Judgment.

*Undisputed Facts*[3]

Plaintiff is the named insured and owner of a homeowner's insurance policy purchased from Allstate (the "Policy") [Dkts. 32 at 9-10].  On August 18, 2020, Plaintiff filed a claim alleging damage to Plaintiff's residence (the "Property") caused by a storm on or around August 16, 2020 [Dkt. 9-10].  Allstate inspected the Property on or around August 25, 2020 [Dkt. 32 at 10].  Allstate found some covered damage to the ridge of the roof and the HVAC system, but it determined the amount of loss was less than the deductible under the Policy, so Allstate did not issue payment at that time [Dkt. 32 at 10].  Allstate's inspection revealed other damage to Plaintiff's roof and chimney which it alleges already existed, and was unrepaired, from an early event (for which a previous claim under the Policy had been made and payment tendered to Plaintiff) [Dkt. 32 at 10].

Allstate communicated its decision on the claim and avers Plaintiff did not contact it again until Plaintiff's counsel sent a notice letter pursuant to the pre-suit notice requirements of Chapter 542A of the Texas Insurance Code. [Dkt. 32 at 10].   In response, Allstate requested another inspection as provided by Chapter 542A, which it conducted on November 8, 2020.  Allstate's adjuster noted the same pre-existing damage from Plaintiff's prior claim remained unrepaired.  Allstate again concluded the covered damages for the date of loss for the instant claim fell below Plaintiff's deductible, and Allstate notified Plaintiff's counsel of the claim decision [Dkt. 32 at 11].

Plaintiff invoked his right to appraisal under the terms of the Policy on or around September 22, 2021 [Dkts. 20; 32 at 11].  The appraisal provision at issue states, in full:

> 8. Appraisal
> If **you** and **we** fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and

---

[3] Only Allstate's motion includes a statement of undisputed facts [Dkt. 32 at 9-12].  In his response, Plaintiff does not provide a separate statement of undisputed facts, instead indicating that, "[g]enerally speaking, Allstate's motion accurately recites the relevant facts and procedural history" [Dkt. 33 at 1].

impartial umpire. If the appraisers are unable to agree upon an umpire then an umpire will be appointed in the following manner:

> a) **You** or **we** will request the American Arbitration Association (AAA) to select an umpire at:
> American Arbitration Association
> Case Filing Services
> Attn: Allstate Texas Appraisal
> 1101 Laurel Oak Road Ste 100
> Voorhees, New Jersey 08043
> Email: casefiling@adr.org
> (with subject matter as "Allstate Texas Appraisal")

> b) Only if AAA advises **you** and **us** in writing that it cannot appoint an umpire may **we** then jointly request a judge of a district court in the judicial district where the **residence premises** is located to select an umpire. A judge of a district court does not include a commissioner or a judge of a county court at law, or a justice court, a municipal court, a probate court, or of a commissioner's court.

The appraisers shall then determine the amount of the loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to **you** and **us**, the amount agreed upon shall be the amount of the loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of the loss. Each party will pay the appraiser it chooses, and equally bear expense for the umpire and all other appraisal expenses.

If the appraisal process is initiated, the appraisal award shall be binding on **you** and **us** concerning the amount of the loss. **We** reserve the right to deny the appraisal award in part or in its entirety based upon the lack of coverage under the policy or failure to satisfy policy terms.

[Dkt. 32-1 at 137-38].  Plaintiff designated Bobby Crowson as his appraiser [Dkt. 32 at 11].  On

September 30, 2020, Allstate designated Bryan Scanlan as its appraiser.  The two appraisers each

inspected the property but were unable to reach an agreement, and they invoked and designated

umpire Nicholas Spost [Dkt. 32 at 11].  On February 7, 2022, the Parties informed the Court at a

status conference that the appraisal award had been issued.  Allstate received the appraisal award,

signed by the umpire and Plaintiff's appraiser, determining the amount of loss as $50,370.60 on a

replacement cost basis [Dkt. 32 at 11].  The award only included the replacement cost value

("RCV") but did not also include the actual cash value ("ACV"). By February 11, 2022, Allstate had not yet received the updated appraisal award, containing the ACV, yet notified Plaintiff's counsel anyways that it would proceed with paying the appraisal award [Dkt. 32 at 12]. Allstate issued a check dated February 11, 20202, for $35,577.44, the amount remaining of the RCV after deducting Plaintiff's $5,000 deductible and applying the applicable Roof Surface Payment Schedule [Dkts. 32 at 12; 32-1 at 75-76]. Allstate's correspondence supplying the payment states that it "is not waiving any of the policy coverages, limitations or provisions but is making the payment to resolve a disputed claim and the litigation" [Dkt. 32 at 12]. In that same communication, Allstate notified Plaintiff through counsel that it was also issuing a second payment, in the amount of $4,699, to cover any possible interest Plaintiff could allege Allstate owes for the claim [Dkt. 32 at 12]. The check for the $4,669 interest payment was issued on February 14, 2022 [Dkts. 32 at 12; 32-1 at 82-83]. After issuing both checks, on February 26, 2022, Allstate received the corrected appraisal award stating an ACV amount of loss of $41,985.94 [Dkt. 32 at 12]. Regarding the interest payment, Plaintiff received the second check together with a "check details" explanation, stating the check constitutes a "loss payment" and "litigation settlement" [Dkt. 44-2]. Email correspondence dated February 11, 2022, between the Parties makes clear Allstate expressly identified the second check as an interest payment: "Allstate also issued a check to you in the amount of $4,699 to cover any additional interest you could possibly allege to be owed" [Dkts. 32-1 at 75; 45-1 at 2]. Plaintiff deposited the first check for $35,577.44 and the second check for $4,699 [Dkt. 45 at 1-2].

## ANALYSIS

### Claims "Nonsuited" by Plaintiff – Breach of Contract & Chapter 541 Claims

In Response to Allstate's Motion for Summary Judgment [Dkt. 33], Plaintiff makes clear he is "nonsuiting" any claims for breach of contract or under Chapter 541 [Dkt. 33 at 2]. Because Plaintiff concedes or otherwise abandons these claims, summary judgment on them is proper. *See Newton v. State Farm Lloyds*, No. 421CV00322SDJCAN, 2022 WL 2195464, at *2 (E.D. Tex. May 17, 2022) (citing *Rasco v. Potter*, No. H-05-0034, 2007 WL 9758165, at *2 (S.D. Tex. Jan. 4, 2007)), *report and recommendation adopted*, No. 4:21-CV-322, 2022 WL 2195019 (E.D. Tex. June 17, 2022). Therefore, the undersigned recommends dismissal of Plaintiff's claims for breach of contract and for violations of Chapter 541, and any associated claim for attorney fees. Thus, only Plaintiff's Chapter 542 prompt payment claims remain for the Court's consideration.

### Chapter 542 – the Texas Prompt Payment of Claims Act

Chapter 542 of the Texas Insurance Code, known as the Texas Prompt Payment of Claims Act ("TPPCA"), imposes procedural requirements and deadlines on insurers to promote the prompt payment of insurance claims. TEX. INS. CODE § 542.054 ("This subchapter shall be liberally construed to promote the prompt payment of insurance claims."). The TPPCA imposes five key requirements on insurers:

> (1) the insurer must acknowledge receipt of the claim, commence any investigation of the claim, and request any items, statements, or forms required from the claimant within fifteen days of its receipt of notice of the claim; (2) the insurer must notify the claimant of acceptance or rejection of the claim no later than fifteen business days after the insurer receives all items, statements, and forms required to secure final proof of loss; (3) if the insurer notifies the insured that it will pay all or part of the claim, it must pay it by the fifth business day after the date of notice of acceptance of the claim; (4) if the insurer delays payment of a claim for more than the applicable statutory period or sixty days, the insurer shall pay TPPCA damages; and (5) an insurer that is liable for a claim under an insurance policy and violates a TPPCA provision is liable for TPPCA damages in the form of 18% interest on the amount of the claim per year, with attorney's fees.

*Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812-13 (Tex. 2019) (citing Tex. Ins. Code §§ 542.055(a)(1)–(3), .056(a), .057(a), .058(a), 060(a)).   The Texas Supreme Court describes the TPPCA's requirements by grouping them into "three main components—non-payment requirements and deadlines, deadlines for paying claims, and enforcement" and remedy *Id.* at 813 (citing Tex. Ins. Code §§ 542.055–.060).   At issue here is the final component: enforcement and remedy.

### Chapter 542A – 2017 Amendments to the TPPCA's Statutory Penalties

"On September 1, 2017, significant changes to the Texas Insurance Code took effect that were 'aimed at limiting damages for losses' caused by natural disasters." *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-CV-00066, 2021 WL 4311114, at *9 (S.D. Tex. Sept. 21, 2021) (quoting Elizabeth Von Kreisler & Suzette E. Selden, *Annual Survey of Texas Insurance Law*, 21 J. Consumer & Com. L. 54, 55 (2018)).[4] Codified as Chapter 542A, the recent amendments apply to any first-party claim "made by an insured under an insurance policy providing coverage for real property" that "arises from damage to or loss of covered property caused" by hail, wind, or a rainstorm.  Tex. Ins. Code § 542A.001(2).   "[P]opularly referred to as the 'hailstorm' bill," Chapter 542A "limits a policyholder's ability to recover its attorney's fees for prosecuting such a claim and reduces the interest recoverable in connection with delayed payments."  Amy Elizabeth Stewart, *2017 Insurance Law Update*, 83 The Advoc. (Texas) 7, 1 (2018).   Thus, while Chapter 542's requirements for the prompt payment of claims remain, Chapter 542A changes the statutory penalties a plaintiff can recover for a Chapter 542 violation.  Previously, Chapter 542

---

[4] The Texas Legislature amended the TPPCA and adopted Texas Insurance Code Chapter 542A in 2017 to "mitigate a growing trend of frivolous severe-weather-damage lawsuits."  Tex. House Research Org., *New Texas Law Affects Property Damage Lawsuits*, Interim News Brief, No. 85-3, at 1 (Nov. 2017).  The House Research Organization's analysis of House Bill 1774 noted "[t]he frequency of weather-related lawsuits against property insurers ha[d] risen 1,400 percent since 2012," and proponents of the bill argued it "would mitigate the growing trend" of these lawsuits, including by limiting the amount of attorney's fees that could be awarded.  Tex. House Comm. on Ins., Bill Analysis, Tex. H.B. 1774, 85th Leg., R.S., at 4 (2017), https://hro.house.texas.gov/pdf/ba85R/HB1774.PDF.

fixed the statutory interest penalty at 18% annually; under Chapter 542A, an insurer liable for violation of Chapter 542 owes statutory interest at a rate equal to 5% plus the amount of the current interest rate as defined by the Texas Finance Code, a reduction from the fixed 18% statutory interest rate. TEX. INS. CODE § 542.060(a), (c). Chapter 542A also dramatically limits the statutory attorney's fees available to an insured. Where Chapter 542 allows recovery of "reasonable and necessary attorney's fees" to a prevailing plaintiff, Chapter 542A limits an insured's recovery to the lesser of the amount of reasonable and necessary attorney's fees "supported at trial" by sufficient evidence or "the amount determined by a formula comparing the actual damages awarded to the amount alleged in the pre-suit notice." TEX. INS. CODE § 542A.007(a); Stewart, 83 THE ADVOC. (TEXAS) at 2. The Parties agree that Chapter 542A applies to this case [Dkts. 32 at 29; 33 at 17].

### Issues Presented

The Parties' dispute under Chapter 542 stated simply is whether Allstate's payment of the appraisal award, plus its further "gratuitous" payment of statutory interest, merits summary judgment for Allstate on Plaintiff's Chapter 542 claim(s). Distilled to its essence, the Parties ask the Court: (1) whether Allstate's voluntary interest payment, the second check for $4,669 issued on February 14, 2022, entitles it to summary judgment on any claim for statutory interest; and (2) how to calculate the amount of attorney's fees owed, if any, for any Chapter 542 violation using the new formula established by § 542A.007.

### Claim for Statutory Interest Pursuant to Chapter 542A

The amount of statutory interest for claims arising under Chapter 542A is determined as follows:

> In an action to which Chapter 542A applies, if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is

> liable to pay the holder of the policy, in addition to the amount of the claim, **simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees.** Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law. **Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.**

TEX. INS. CODE § 542.060(c). Texas Finance Code § 304.003 provides that "[o]n the 15th day of each month, the consumer credit commissioner shall determine the postjudgment interest rate to be applied to a money judgment rendered during the succeeding calendar month." TEX. FIN. CODE § 304.003. "Simple interest is calculated by applying the formula $P$ x $R$ x $T = I$, in which $P$ is the principal (or the amount of the claim), $R$ is the rate of interest, $T$ is the time period, and $I$ is the interest awarded." *Winston v. State Farm Lloyds*, No. SA-20-CV-00515-JKP, 2022 WL 3327770, at *2 (W.D. Tex. Aug. 11, 2022) (citing *Texas Farmers Ins. v. Cameron*, 24 S.W.3d 386, 400 n.5 (Tex. App.—Dallas 2000, pet. denied)).

Allstate contends that, even if it is liable under the TCCPA, it is nevertheless entitled to summary judgment because it is undisputed that Allstate paid all statutory interest it could possibly owe Plaintiff when it tendered the second payment to Plaintiff, the check for $4,669 issued on February 14, 2022. Allstate details its calculation of the interest payment issued to Plaintiff as follows:

> Allstate provided evidence of the date of its inspection of the Property (August 25, 2020) and the date of the appraisal award payment (February 11, 2022). Sixty days from the date of Allstate's inspection would have been Oct. 24, 2020. There were 475 days from October 24, 2020 to February 11, 2022, when Allstate paid the appraisal award. The applicable TPPCA interest rate in February 2022 was 10%, or the 5% judgment rate plus 5%. With that information, determining TPPCA interest is simple: $35,577.44 appraisal award payment x 10% = $3,557.75 annual interest / 365 days = $9.75 daily interest x 475 days = $4,631 TPPCA interest. Allstate paid $4,699 and so it actually paid an amount greater than that which Plaintiff could seek.

[Dkt. 34 at 4–5 n.10].  Plaintiff contends Allstate has not established that it paid all interest that could be owed [Dkt. 33 at 16], but does not dispute these calculations.  Upon review of Allstate's calculations, and breaking out the simple interest formula components, Allstate's second payment of $4,699 is equal to or more than the full amount of statutory interest it could be found liable for. The principal, *P*, is $35,577.44, the amount of the appraisal award.  *See Winston*, 2022 WL 3327770, at *2 ("The *P* value, or principal value, is the value of Dr. Winston's breach of contract claim, or $91,138.71.").  The interest rate, *R*, is 10% (equal to the 5% plus the postjudgment interest rate, as set by TEX. INS. CODE § 542.060(c)).[5]  The time, *T*, is 475 days,[6] beginning on October 24, 2020 – 60 days after Allstate's initial inspection on August 25, 2020 – and ending on February 11, 2022 – the date Allstate paid the appraisal award in full.  *See id.* at *3 (citations omitted) (citing TEX. INS. CODE §§ 542.058, 542.060(c), 542A.001(2)) ("The *T* value, or time period, starts accruing on the date the claim was required to be paid, which is 60 days after the insurer has all the information it needs to process the claim. Dr. Winston argues, and the Court agrees, that State Farm had all the information it needed to process his claim on the date of its first claims decision, April 25, 2019. Therefore, interest began to accrue 60 days after April 25, 2019—on June 24, 2019.").

Notwithstanding that the second payment equals or exceeds Allstate's statutory interest liability, Plaintiff argues a fact issue on liability exists, precluding summary judgment, because Allstate failed to pay the amount owed on the claim within 60 days, and that payment of interest does not extinguish Plaintiff's TPPCA claims as a matter of law.  Liability for a TPPCA violation and damages owed for such a violation are separate elements to prove at trial.  "Regardless of

---

[5] The postjudgment interest rate effective for the period between February 1 and February 28, 2022 is 5% pursuant to TEX. FIN. CODE § 304.003.  *See* Tex. Off. of Consumer Credit Comm'r, *Notice of Rate Ceilings*, Vol. 41, No. 29 (Jan. 18, 2022), https://occc.texas.gov/sites/default/files/2022-10/credit-letters-2022_1.pdf.
[6] Indeed, 475 days calculated as the amount owed per year (475 days/365 days) results in a time period of 1.301 years.

whether an insurer violates the TPPCA, it may nevertheless be entitled to summary judgment on a TPPCA claim if the insurer paid the full amount of interest the insured could claim under the TPPCA." *White*, 2021 WL 4311114, at *8 (citing *Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x 984, 989 (5th Cir. 2016)). Here, Allstate's interest calculation *presumes* a 60-day violation—again, Allstate's calculation of the period of time, *T*, for which it owes interest starts from the day it would be liable for payment of the appraisal award: 60 days after the date of its first inspection of the Property. Allstate has paid the full amount of interest that could be owed as damages for violating Chapter 542's 60-day payment deadline; the uncontroverted summary judgment evidence shows Allstate paid Plaintiff the full amount of the appraisal award, along with an additional sum to cover any interest Plaintiff could demand under the TPPCA. "Thus, even assuming that Allstate is liable under the TPPCA, it is undisputed that [Plaintiff] is not entitled to more interest under the TPPCA beyond that which Allstate already paid to him." *See White*, 2021 WL 4311114, at *8. Plaintiff offers no summary judgment evidence demonstrating he is entitled to any greater amount of interest. Summary judgment is appropriate as to the interest payment. *See Atkinson v. Meridian Sec. Ins. Co.*, No. SA-21-CV-00723-XR, 2022 WL 3655323, at *7 (W.D. Tex. Aug. 24, 2022) (citation omitted) (citing TEX. INS. CODE § 542.060(c)) ("Meridian has presented evidence that it has paid Atkinson the maximum amount interest to which she would be entitled if it were found liable for violating the TPPCA, and Atkinson has offered no evidence that she is entitled to interest beyond what she has already been paid. Summary judgment is therefore appropriate as to the interest payment."); *Trujillo v. Allstate Vehicle & Prop. Ins. Co.*, No. CV H-19-3992, 2020 WL 6123131, at *5 (S.D. Tex. Aug. 20, 2020) ("The uncontroverted summary judgment evidence is that Allstate promptly paid to Trujillo the full amount of the appraisal award, together with an additional sum in excess of $6,000 to cover all statutory interest to which Trujillo

may be entitled under the TPPCA. Trujillo has offered no summary judgment evidence of, and makes no argument that she is entitled to, any greater amount of interest under the TPPCA."); *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, 474 F. Supp. 3d 869, 876 (S.D. Tex. 2020) ("Allstate has already tendered payment of interest to the plaintiff at the penalty rate specified in the TPPCA. Accordingly, Allstate is entitled to judgment as a matter of law on the plaintiff's claim for violation of the TPPCA."); *Abundis v. Allstate Tex. Lloyd's*, 494 F. Supp. 3d 442, 449 (S.D. Tex. 2020) (footnote omitted) ("Defendant attached the $4,092.04 check to its motion as evidence. Plaintiff provides no evidence to suggest that a greater amount of interest was owed. . . . Defendant has proved as a matter of law that it cannot owe damages in the form of statutory interest under the TPPCA."); *Ferrer v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 7658090, at *2-3 (S.D. Tex. Oct. 2, 2020) ("Allstate issued payment for the appraisal award. . . . Allstate also paid an additional $10,666.82 'to cover any additional interest.' . . . Accordingly, the motion for summary judgment is granted as to Ferrer's TPPCA claim.").

Plaintiff urges against this result, arguing that a dispute exists regarding whether Allstate's check for $4,669 is really an "interest" payment at all. Plaintiff claims that it is "Allstate's burden to demonstrate that the check was an interest payment, that both parties knew this, and that Morakabian cashed it with a mutual understanding that depositing unlabeled funds would relinquish his legal rights" [Dkt. 44 at 7]. To support his position, Plaintiff contends the check for $4,660 is delineated as "dwelling payment," has no label that it was for "interest," and was not accompanied "by any explanation" [Dkt. 44 at 7]. Plaintiff further points to *Martinez v Allstate Vehicle and Property Insurance Company* to suggest tender of the interest payment by Allstate is not enough [Dkt. 33 at 15], or more specifically, that *no* form of gratuitous payment can conclusively resolve Allstate's liability unless there is mutual intent to settle or until there is a

judgment on Plaintiff's TPPCA claim [Dkt. 33 at 14-15].  In relevant part, the *Martinez* court

reasoned in denying summary judgment that:

> under Texas law, for Allstate's payment to Martinez to constitute a settlement of the TPPCA claim, there must be evidence of a mutual intent to avoid litigation by accepting a contract and relinquishing the relevant legal claims. Here, there is no such evidence. Rather, there is simply a claim that Allstate sent a payment to Martinez that may or may not constitute the full amount of the interest owed to her under the TPPCA.

[Dkt. 33 at 15] (quoting *Martinez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-2975, 2020

WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020)).  Following the same logic as *Martinez*, the *Ahmad*

court (also cited by Plaintiff), concluded that advance payment of statutory interest did not entitle

the insurer to summary judgment on a TPPCA claim because doing so would subject the insured

to a settlement to which he did not agree.  *Ahmad v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-

4411, 2021 WL 2211799, at *4-5 (S.D. Tex. June 1, 2021).[7]

    As an initial matter, *Ahmad* is unpersuasive in that it is a magistrate judge's

recommendation which was not adopted by the District Judge.[8]  Moreover, the conclusion reached

in *Martinez* does not enjoy widespread support from both Texas and federal courts; the Court finds

instructive the more recent *McNeely* and *White* opinions, particularly given the summary judgment

evidence presented by the Parties.  Similar to Plaintiff here, McNeely asserted that "while

Defendant provides testimony of its corporate representative []that its payments were

---

[7] Interestingly, Magistrate Judge Palermo's earlier report granted Allstate's motion for summary judgment, finding Allstate was not liable for any attorney's fees under the new formula.  *See Ahmad v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-4411, 2021 WL 1429523, at *9 (S.D. Tex. Feb. 28, 2021), *report and recommendation adopted in part*, No. 4:18-CV-4411, 2021 WL 1428491 (S.D. Tex. Mar. 24, 2021).  The district judge did not adopt this portion of the report, explaining that "after the R & R and the objections (and response) thereto were filed, the Texas Supreme Court issued a relevant opinion in *Hinojos v. State Farm Lloyds*, No. 19-0280, 2021 WL 1080854 (Tex. Mar. 19, 2021)."  *Ahmad*, 2021 WL 1428491, at *1 (ordering additional briefing on the question of TPPCA attorney's fees in light of *Hinojos*).  The later-issued report and recommendation was never adopted by the district court and is not a judgment on the merits.

[8] The Parties reached a settlement after entry of the magistrate judge's report but before the District Court's consideration, and without adoption by the district judge, the report is not a final adjudication of the merits of any claim.  *Ahmad*, No. 4:18-CV-4411 (S.D. Tex. dismissed June 22, 2021), ECF No. 34.

unconditional and undisputed, there is no evidence that Plaintiffs accepted the payment as same." *See McNeely v. State Farm Lloyds*, No. 4:21-CV-1120-O (N.D. Tex. Oct. 25, 2022), ECF No. 70 at 4. The *McNeely* court found plaintiff's refusal to "accept" the insurer's payment of TPPCA damages did not preclude summary judgment. *See McNeely v. State Farm Lloyds*, No. 4:21-CV-1120-O, 2022 WL 14915590, at *2 (N.D. Tex. Oct. 25, 2022). More specifically, the *McNeely* court opined, "[o]n Plaintiffs' TPPCA claim, State Farm has paid Plaintiffs all they are entitled to under this claim. Plaintiffs raise no dispute about the amount State Farm owes under this provision. The TPPCA claim is therefore moot. Plaintiffs assert these claims are not moot because while State Farm has paid these amounts, they have refused to accept them. They provide no justification for their refusal to accept the payments . . . . it is insufficient to raise a genuine dispute of material fact." *Id.* The *McNeely* court then went on to discuss the lack of any summary judgment evidence demonstrating the plaintiff is entitled to any amount of interest greater than that already paid by the insurer. *See id.* The *White* court distinguished *Ahmad* for similar reasons:

> [ ] *Ahmad* does not change [t]he result. In *Ahmad*, the magistrate judge found that "Allstate has failed to establish as a matter of law that it paid all the interest to which the Plaintiff is entitled." Here, by contrast, "it is undisputed that Allstate paid White the full amount of the benefits under the Policy to which he was entitled and all interest he could claim under the TPPCA."

*White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-CV-00066, 2022 WL 2954338, at *2 (S.D. Tex. July 26, 2022) (rejecting on reconsideration the plaintiff's argument that summary judgment is not proper on the issue of full payment of any damages owed as interest) (quoting *Ahmad*, 2021 WL 2211799, at *5).[9]

---

[9] To be clear, the Court does not find the interest payment extinguishes a TPPCA claim because it resolves *liability* as a matter of law, rather, the interest payment resolves the issue of *damages* for any prompt payment violation. Plaintiff may be correct that he and Allstate have not mutually settled the issue of liability, but liability is only one element on which Plaintiff must prevail at trial. *See Rodriguez v. Ocean Harbor Cas. Ins. Co.*, No. CV H-19-4034, 2021 WL 1095319, at *4 (S.D. Tex. Mar. 3, 2021) (citing *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010)) (addressing what the nonmovant who bears the burden at trial must show to survive summary judgment), *report and recommendation adopted*, No. CV H-19-4034, 2021 WL 1091944 (S.D. Tex. Mar. 22, 2021).

Here, the summary judgment evidence conclusively refutes Plaintiff's position regarding the interest payment.  Allstate proffers summary judgment evidence detailing exactly how it calculated the maximum amount of statutory interest possibly owed, and Plaintiff does not contest and raises no issue of fact regarding that calculation.  Plaintiff also does not contest that two checks were received from Allstate and deposited by Plaintiff [Dkt. 44-1 at 2].  The "Check Details" on their face state the checks constitute a "loss payment" and "litigation settlement" [Dkt. 44-2].  The affidavit of Plaintiff's counsel's office manager attests Plaintiff received the interest check together with the "check details" explanation [Dkt. 44-1].  Communications related to the check reflect that Allstate expressly informed Plaintiff the check was intended to cover interest.  Indeed, the February 11, 2022, email correspondence between the Parties identified the second check as an interest payment: "Allstate also issued a check to you in the amount of $4,699 to cover any additional interest you could possibly allege to be owed" [Dkts. 32-1 at 75; 45-1 at 2].  Plaintiff deposited the check for $4,699 *after* receiving this email [Dkt. 45 at 1-2].[10]  As in *McNeely*, the Court finds Plaintiff's purported "refusal" to accept the interest payment as same does not preclude summary judgment.  The uncontroverted evidence is that Allstate paid Plaintiff the full amount of the benefits to which Plaintiff was entitled under the Policy, as well as all statutory interest he could have demanded under the TPPCA.  Such payments were received and deposited by Plaintiff.  The Court recommends summary judgment be granted on Plaintiff's claim for statutory interest.

### Claim for Attorney's Fees Under Chapter 542A

The Court turns next to the issue of attorneys' fees, the only possible recovery remaining to Plaintiff.  Allstate contends that because it has shown it paid the appraisal award, as well as the

---

[10] In reaching this conclusion, the Court also takes note that in another case where the plaintiff similarly sought to contest the insurer's gratuitous interest payment, counsel for plaintiff *returned* the check to the insurer, accompanied by a demand for the amount of statutory interest and attorney's fees believed to be owed.  *See Lee v. Liberty Ins. Corp.*, No. 3:19-CV-321-L, 2021 WL 4502323, at *8 (N.D. Tex. Sept. 30, 2021).

maximum amount of TPPCA interest Plaintiff could receive, Allstate is entitled to summary judgment on Plaintiff's claim for fees. The Parties agree the formula set by Chapter 542A determines the amount of any attorney's fees award in this case [Dkt. 33 at 17]. Chapter 542A limits the amount of fees recoverable to the *lesser of*:

> (1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
> (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or
> (3) the amount calculated by:
>> (A) **dividing the *amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy* for damage to or loss of covered property** by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and
>> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

Tex. Ins. Code § 542A.007(a) (emphasis added). Allstate primarily argues that the amount owed to Plaintiff under the formula set out in § 542A.007(a)(3) is $0 because: (1) there is no "amount to be awarded in judgment" because the full amount of the appraisal award, which determines the value of the covered loss, means Plaintiff has received payment for the full amount of damages owed for Plaintiff's claim for benefits owed under the Policy; and (2) Plaintiff has no remaining claim left for which to be awarded a judgment on TPPCA liability, since it has paid the appraisal award *and* the full amount of statutory interest it could owe on any prompt pay violation because no independent injury is alleged.

In response, Plaintiff urges, among other arguments (discussed more fully *infra*), that any theory which results in a $0 award of attorney's fees is contrary to the Texas legislature's intent that Plaintiff should be awarded attorney's fees upon showing the insured's liability for a violation

of Chapter 542. As another court recently explained, it must be presumed that the legislature knew

of the conflict between the old and new attorney's fees rule when it enacted Chapter 542A:

> Although the issue presents policy factors that weigh in favor of each possible outcome, the Court finds that the legislature's intent appears clear when enacting Chapter 542A of the Texas Insurance Code to limit attorney's fees. It must be presumed that the legislature was aware of the conflict Chapter 542A would have with the Prompt Payment Act and chose to limit attorney's fees anyway.

*Rodriguez v. Safeco Ins. Co. of Indiana*, No. 5:20-CV-168-C, 2022 WL 6657888, at *1 (N.D. Tex.

Oct. 3, 2022) (citation omitted) (citing TEX. INS. CODE § 542A.007(a)).

Applying the statutory formula, the undersigned concludes Plaintiff is not entitled to

attorney's fees, and summary judgment is proper for Allstate. Section 542A.007(a)(3)'s

calculation focuses on the "amount *to be awarded in the judgment* to the claimant for the claimant's

claim under the insurance policy for damage to or loss of covered property." TEX. INS. CODE

§ 542A.007(a)(3) (emphasis added). Once an appraisal award is paid, the insurer has paid all

amounts that might be owed under the policy for damage to or loss of covered property. There is

no dispute that Allstate has paid the claim (the appraisal award).[11] Thus, the amount to be awarded

to Plaintiff in a judgment on his TPPCA claim is zero, resulting in zero as the numerator in the

formula set by § 542A.007(a)(3).[12] In reaching this same result in *Pearson*, Magistrate Judge

Toliver reasoned:

> The TPPCA, codified in chapter 542 of the Code, imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of claims. To prevail on a claim for attorneys' fees under the TPPCA, an insured must first establish the insurer's liability under the applicable policy.
>
> Assuming, *arguendo*, that Plaintiff can make that showing, there are no attorneys' fees to recover. In September 2017, section 542A.007 of the Code took effect. . . .

---

[11] Allstate has also paid all statutory interest which could be owed.

[12] "The numerator is the amount to be awarded 'for the claimant's claim under the insurance policy for damage to or loss of covered property.'" *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, 555 F. Supp. 3d 342, 346-47 (W.D. Tex. 2021).

Because Plaintiff chose to exercise the appraisal clause only after filing this lawsuit and Defendant has satisfied its obligation under the clause, the last provision [of Section 542A.007 of the Code] is the only one that is applicable. It results in the lowest fee award possible — zero dollars — because there is no money judgment in Plaintiff's favor.

*Pearson v. Allstate Fire & Cas. Ins. Co.*, No. 19-CV-693-BK, 2020 WL 264107, at *4 (N.D. Tex. Jan. 17, 2020) (citations omitted) (Toliver, Mag. J.), *appeal dismissed*, No. 20-10199, 2020 WL 8618027 (5th Cir. Sept. 30, 2020).

While federal district courts in Texas have split on this resolution,[13] this same or similar conclusion—that Plaintiff is entitled to an award of no attorney's fees under § 542A.007(a)(3) after doing the "math"—has been reached in numerous other recent cases, including every case in the Northern District of which the undersigned is aware. *See Rodriguez*, 2022 WL 6657888, at *1 (granting summary judgment for the insurer, finding no award of attorney's fees under Chapter 542A is owed where the insurer paid the appraisal award plus all statutory interest that could be owed); *Parsons v. Liberty Ins. Corp.*, No. 3:20-CV-1682-K, 2021 WL 5629145, at *1 (N.D. Tex. Dec. 1, 2021) (Kinkeade, J.) ("in light of the additional evidence provided elucidating the method by which Defendant calculated the potential interested owed and paid to Plaintiff, the Court concludes there remains no genuine issue of material fact as to Defendant's full payment of potential interest[] owed on Defendant's TPPCA violations. Defendant has shown it is entitled to

---

[13] The undersigned is aware of the following cases reaching a different result. In the Southern District, *Martinez*, 2020 WL 6887753, at *2-3 (Ellison, J.); and *Ahmad*, 2021 WL 2211799, at *5 (Palermo, Mag. J.) (citing *Martinez*) (denying summary judgment, finding "Allstate has failed to show that there are no additional damages Plaintiff can recover. Allstate's argument that Plaintiff is not entitled to attorney's fees under Chapter 542A.007, therefore, is without merit."). In the Western District, *Gonzalez v. Allstate Fire & Cas. Ins. Co.*, No. SA-18-CV-00283-OLG, 2019 WL 13082120, at *6 (W.D. Tex. Dec. 2, 2019) (Garcia, J.) (footnote omitted) ("Without a more persuasive indication that § 542A.007 was intended to shield insurers from attorney's fee liability in almost all cases in which appraisal is invoked, the Court will decline to issue an order with that practical effect, at least based on the present record."); *Mancha v. Allstate Texas Lloyd's*, No. 5:18-CV-00524-OLG, 2020 WL 8361926, at *3 (W.D. Tex. Feb. 26, 2020) (Garcia, J.) (denying summary judgment but permitting the insurer to file a renewed motion, explaining that "because this is a novel issue of Texas law, Defendant may renew its motion . . . advising the Court of any state appellate court cases where this issue is pending or has been decided."); *Moncivais v. Allstate Tex. Lloyd's*, No. 5:18-CV-00525-OLG, 2020 WL 13199004, at *1 (W.D. Tex. Dec. 14, 2020) (Garcia, J.) (citing *Martinez* and *Gonzalez*).

summary judgment on this issue"), *aff'd on other grounds*, No. 21-11220, 2022 WL 1831135 (5th Cir. June 3, 2022); *Crenshaw v. State Farm Lloyds*, No. 4:18-cv-236-O, 2020 WL 12990985, *1-2 (N.D. Tex. Feb. 1, 2020) (O'Connor, J.) (deciding after consideration of supplemental briefing) (granting summary judgment as a matter of law, finding "Plaintiff is entitled to recover no attorneys fees under chapter 542A of the Texas Insurance Code" when no other claims remain for which a money judgment could be awarded); *Pearson*, 2020 WL 264107, at *4; *Atkinson*, 2022 WL 3655323, at *8 (Rodriguez, J.) ("Meridian has paid Atkinson the full amount of policy benefits and interest owed under the TPPCA. Thus, the amount to be awarded in a judgment on Atkinson's TPPCA claim is zero dollars, resulting in an award of no attorney's fees. . . . Atkinson cannot recover damages, interest, or attorney's fees for any of her claims, and summary judgment is appropriate."); *see also White*, 2021 WL 4311114, at *9-10 (Tipton, J.) ("it is undisputed that Allstate paid White the full amount of the benefits under the Policy to which he was entitled and all interest he could claim under the TPPCA. As a result, White is not entitled to attorney's fees under Section 542A.007(a)(3)."); *Trujillo*, 2020 WL 6123131, at *6 (Werlein, J.) (finding the plaintiff cannot recovery for attorney's fees where no additional damages are owed for any TPPCA violation because the insurer already paid any statutory interest it could owe); *Reyna v. State Farm Lloyds*, No. CV H-19-3726, 2020 WL 1187062, at *5 (S.D. Tex. Mar. 12, 2020) (Rosenthal, J.) ("Because State Farm is entitled to summary judgment on all of Reyna's claims, attorney's fees are not available, as a matter of law. State Farm is entitled to summary judgment on Reyna's attorney's fees claim."); *cf. Parsons*, 2021 WL 6496775, at *12 (explaining that an award of no attorney's fees would be warranted if the insurer also showed that no remaining fact issue remained as to the amount of statutory interest tendered), *report and recommendation adopted in part*,

No. 3:20-CV-1682-K, 2021 WL 5629145 (N.D. Tex. Dec. 1, 2021).[14]  Considering the weight of the authority cited by the Parties, while the Court acknowledges a split across the federal district courts in Texas, the Court concludes the chasm is not as wide as Plaintiff contends,[15] and as more Chapter 542A cases are decided, the recent authority has tilted in favor of the position Court adopts herein.[16]

In advocating for a contrary result, Plaintiff relies heavily on *Barbara Technologies*.  As an initial matter, Section 542A.007 applies to lawsuits filed after September 1, 2017; therefore, its provisions and applications were not at issue in *Barbara Technologies*.  Nevertheless, Plaintiff contends *Barbara Technologies* makes clear that "the appraisal amount [should] represent actual damages" owed in any prospective judgment [Dkt. 44 at 1-2].  But the *Barbara Technologies* court seemingly rejects this premise, explaining that "paying an appraisal amount, although binding as

---

[14] Despite abundant supplemental briefing, neither Party cites any authority from the Texas Supreme Court or a state appellate court interpreting the fee provision of Chapter 542.  Plaintiff avers that "[n]either the Texas Supreme Court nor any intermediate Texas appellate court has considered Allstate's Section 542A.007 argument" [Dkt. 44 at 2].  The flip side of that coin is a dearth of state authority in support of Plaintiff's position.  The Court's research reveals at least one district court decision (involving the same counsel on both sides as here) where the trial court granted Allstate's motion for summary judgment based on the very interpretation of § 542A.007 urged here.  *See Rosales v. Allstate Vehicle & Prop. Ins. Co.*, No. DC-21-06737-L (193rd Dist. Ct., Dallas County, Tex. Apr. 29, 2022).  Currently on appeal, the initial appellate briefs submitted by the Parties advance nearly identical arguments as presented here, relying on the same federal district court cases.  *See Rosales*, No. 05-22-00676-CV (Tex. App.—Dallas filed July 12, 2022).

[15] The Court's research reveals that *Martinez* has been favorably cited only four times in published opinions.  Of these four, one is a report by a magistrate judge upon referral from Judge Garcia for consideration, two more are opinions from *Ahmad*, and the fourth is a state appellate court opinion that is not about Chapter 542A, as the claim at issue was filed prior to the date Chapter 542A became effective.  *See Texas Fair Plan Ass'n v. Ahmed*, No. 14-20-00585-CV, 2022 WL 3268391, at *3 (Tex. App.—Houston [14th Dist]. Aug. 11, 2022, no pet. h.), *reconsideration en banc denied* (Oct. 25, 2022), *reh'g denied* (Oct. 25, 2022).  Put simply, the bulk authority Plaintiff cites are the opinions of Judge Garcia considering the new Chapter 542A fees provision on a blank slate.

[16] The Court is not aware of any opinion from the Northern District that adopts Plaintiff's position, and as explained *supra*, no court in the Eastern District has considered the Chapter 542A fee provision.  Plaintiff contends *Saleme*, an Eastern District case, "disagreed with the theory that the numerator in the 542A.007 equation should be zero just because an appraisal award was paid" [Dkt. 44 at 2].  *Saleme* is distinguishable; there, fact issues remained as to the breach of contract claim even after payment of the appraisal award.  *See Saleme v. State Farm Lloyds*, No. 118CV00632MACZJH, 2021 WL 4206177, at *3-5 (E.D. Tex. Aug. 27, 2021) (finding a fact issued remained regarding consequential damages for the plaintiff's breach of contract claim).  Indeed, even within the Western District, judges are now split on this issue, with Judge Rodriguez's recent opinion 2022 in *Atkinson* departing from the approach taken by Judge Garcia in 2020 and 2021.  In the Southern District, *Ahmad* was never adopted and is not binding, and the three other district judges have sided with Allstate's position here, most conclusively by Judge Tipton in *White*, which as explained herein, exhaustively considers the authority cited by Plaintiff.

to the amount of the loss on the [insurance] claim, is not a determination as to the insurer's liability, it does not represent actual damages as to payment on the claim unless an insurer either accepted liability or is adjudicated liable." *Barbara Techs.*, 589 S.W.3d at 827. Moreover, *Barbara Technologies* is factually distinct from the case at bar. Unlike in *Barbara Technologies*, Allstate has paid not only the appraisal award but also all statutory interest Plaintiff could possibly seek as penalty for any violation of the TPPCA. Plaintiff's citation to *Barbara Technologies* does not dictate a contrary result than that reached; under the new formula, the amount of attorney's fees owed is $0. Ultimately, the Court does not find controlling any of the pre-Chapter 542A authority cited by Plaintiff on the issue presented, including *Hinojos*, which the *White* court distinguished in finding that "[b]ecause White is unable to recover any damages under his TPPCA claim as a matter of law, Allstate is entitled to summary judgment on [the] claim [for fees]." *See White*, 2021 WL 4311114, at *10.

As to Plaintiff's further contention that to recover fees he need not show a right to additional policy benefits or any injury independent of his contract damages [Dkt. 33 at 13], the Texas Supreme Court's 2018 *Menchaca* decision outlines the independent injury rule. The rule is straightforward: it "does not permit the insured to recover *any* damages beyond policy benefits unless the violation causes an injury that is independent from the loss of the benefits." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018) (collecting cases).[17] An injury

---

[17] The *Menchaca* opinion further contains an overview of the Texas Supreme Court's past decisions on when an insured can recover policy benefits based on a statutory violation and distills "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context," quoted more fully *infra*:

> The primary question in this case is whether an insured can recover policy benefits as "actual damages" caused by an insurer's statutory violation absent a finding that the insured had a contractual right to the benefits under the insurance policy. Generally, the answer to this question is "no," but the issue is complicated and involves several related questions. In an effort to clarify these issues, we distill from our decisions five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context. First, as a general rule,

is not "independent" from the right to receive policy benefits if the injury "flows" or "stems" from the denial of the claim for policy benefits." *Id.* Thus, as framed by *Menchaca*, the issue is whether Plaintiff has received all the policy benefits to which he was entitled and thus no benefits remain to be recovered; and if no unpaid benefits remain, then to prevail on any extracontractual claims, Plaintiff must allege and prove some injury independent of a right to benefits.[18] Here, Plaintiff alleges no independent injury such as consequential damages. The live pleading's factual allegations solely relate to denial of benefits owed on losses covered by the Policy:

> The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 et seq. of the Texas Insurance Code. For example, Allstate failed to pay for policy benefits owed to Mr. Morakabian within the period set forth under Section 542.058, along with any pre-judgment and post-judgment interest allowed under the Texas Finance Code.

[Dkt. 9 at 8]. *See McNeely*, 2022 WL 14915590, at *4 (footnote omitted) (citing *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133-34 (Tex. 2019)) ("Plaintiffs have also asserted statutory and common law extra-contractual claims. State Farm argues these claims fail because Plaintiffs have no injury independent of the insurance contract, nor have they suffered damages apart from the

---

an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. Second, an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. Third, even if the insured cannot establish a present contractual right to policy benefits, the insured can recover benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the insured to lose that contractual right. Fourth, if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits. And fifth, an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.

*Menchaca*, 545 S.W.3d at 489.

[18] The Texas Supreme Court noted that a "successful independent-injury claim is 'rare'" and that it has "yet to encounter one." *Menchaca*, 545 S.W.3d at 500; *see JCB, Inc. v. Horsburgh & Scott Co*., 597 S.W.3d 481, 486 (Tex. 2019) ("[I]t almost goes without saying that damages typically are calculated by the factfinder based on what is required to compensate the plaintiff at the time of verdict or judgment. . . . The question for the factfinder is how much the defendant owes the plaintiff today. The question is typically not how much the defendant owed the plaintiff at some date in the past. Nor is it how much the defendant would have owed the plaintiff if the defendant had not already paid. The usual question for the factfinder is how much the defendant owes the plaintiff at the time the factfinder assesses liability.").

denial of policy benefits. State Farm is correct."); *Zhu v. First Cmty. Ins. Co.*, 543 S.W.3d 428, 437 (Tex. App.—Houston [14th Dist.] 2018, pet. dism'd) ("To recover any damages beyond policy benefits, Zhu must establish that the statutory violation caused an injury that is independent from the loss of benefits.").[19]  Plaintiff fails to satisfy the independent injury rule.

To reiterate, the Court concludes the amount remaining "to be awarded in the judgment" for Plaintiff on his claim under the Policy is $0, which results in an award of no attorneys' fees. *See Trujillo*, 2020 WL 6123131, at *6 ("The uncontroverted evidence is that Allstate already has paid to Trujillo the full amount of policy benefits and interest owed under the TPPCA. Thus, the amount to be awarded to Trujillo in a judgment on her TPPCA claim is zero dollars, which results in an award of no attorney's fees under § 542A.007(a)(3).").  Or stated differently, payment of the full appraisal award (and all statutory interest) that Plaintiff could be awarded at trial establishes as a matter of law that there are no damages left to be awarded in a judgment against Allstate; therefore, the attorney's fees award is $0.  Plaintiff has not raised a genuine issue of material fact showing any damages remain to be awarded in judgment for his claim under the Policy, thus no attorney's fees remain to be awarded for his Chapter 542 claims and therefore summary judgment is warranted.  *See White*, 2021 WL 4311114, at *10; *Pearson*, 2020 WL 264107, at *4.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment [Dkt. 32] be **GRANTED**.

---

[19] In making such argument, Plaintiff overlooks that the *Saleme* court found the plaintiff alleged an independent injury, thus some amount of breach-of-contract damages remained to be awarded in judgment, irrespective of the appraisal award.  *See Saleme*, 2021 WL 4206177, at *4 (citations omitted) ("Saleme alleges that the breach resulted in consequential damages. For example, 'Plaintiff spent over $5,000.00 to eliminate mold damage caused by the leaking roof which Defendant refused to pay to replace.' These are the sort of independent injuries that *Ortiz* spoke of . . . . As such, Saleme can still meet the damages element of his breach of contract claim").  Again, here, Plaintiff does not allege that he suffered any independent injury or has consequential damages.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of December, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE