UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KOUROSH MORAKABIAN | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-100-SDJ |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY | § | |

**MEMORANDUM ADOPTING RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation ("Report") of the
United States Magistrate Judge in this action, (Dkt. #66), this matter having been
heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local
Rule CV-72, (Dkt. #14). In the Report, the Magistrate Judge recommended that the
Court grant Defendant Allstate Vehicle and Property Insurance Company's
("Allstate") Motion for Summary Judgment. (Dkt. #32). Plaintiff Kourosh
Morakabian timely filed objections, (Dkt. #68), and Allstate responded to
Morakabian's objections, (Dkt. #72).

The Court has conducted a de novo review of the objections and the portions of
the Report to which Morakabian specifically objects, and the Court is of the opinion
that the findings and conclusions of the Magistrate Judge are correct and that the
objections are without merit as to the ultimate findings of the Magistrate Judge. The
Court hereby adopts the findings and conclusions of the Magistrate Judge as the
findings and conclusions of the Court.

## I. BACKGROUND

Morakabian filed a claim with Allstate on his homeowner's insurance policy following damage to his property caused by a storm. Initially, Allstate refused Morakabian's claim. Morakabian then filed suit in the 397th District Court of Grayson County, Texas, which Allstate removed to this Court. (Dkt. #1). During the pendency of these proceedings, Morakabian invoked his right to an appraisal under the insurance policy. Morakabian's appraiser and an umpire—over the objections of Allstate's appraiser—determined that Morakabian was entitled to payment on his claim.

Allstate subsequently paid Morakabian two checks—the first being a payment of $35,577.44 to cover the signed appraisal award, (Dkt. #32 at 12), and the second being a payment of $4,699.00 to cover "any additional interest [Morakabian] could possibly allege to be owed." (Dkt. #32-1 at 75). Morakabian deposited both checks. (Dkt. #31 at 77–85). Allstate indicated that "[t]he payments are in no way an admission of liability on the part of Allstate and Allstate denies any liability in relation to the handling of this claim." (Dkt. #32-1 at 76).

Morakabian's operative amended complaint alleges (1) breach of contract, (2) failure of Allstate to promptly pay the claim under Chapter 542 of the Texas Insurance Code, also referred to as the Texas Prompt Payment of Claims Act ("TPPCA"), and (3) bad faith in violation of Chapter 541 of the Texas Insurance Code. (Dkt. #9 at 7–9). Morakabian also seeks his attorney's fees incurred litigating this matter. (Dkt. #9 at 9–10).

Allstate filed a motion for summary judgment on all claims, (Dkt. #32 at 2),

and Morakabian subsequently nonsuited his breach of contract and Chapter 541 claims, (Dkt. #33 at 2). Accordingly, the only claim before the Court is Morakabian's TPPCA claim. *Newton v. State Farm Lloyds*, No. 4:21-CV-322, 2022 WL 2195464, at *2 (E.D. Tex. May 17, 2022) (citation omitted) (recommending dismissal of claims that plaintiff "concedes or otherwise abandons"), *report and recommendation adopted*, 2022 WL 2195019 (E.D. Tex. June 17, 2022). Following extensive briefing and oral argument, the Magistrate Judge recommended granting Allstate's summary-judgment motion.

## II. LEGAL STANDARD

A district court reviews the findings and conclusions of a magistrate judge de novo only if a party objects within fourteen days after being served with the report and recommendation. FED. R. CIV. P. 72(b)(2)–(3). To challenge a magistrate judge's report, a party must specifically identify those findings to which it objects. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). "And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review." *Thompson v. Pruett*, No. 4:21-CV-371, 2022 WL 989461, at *1 (E.D. Tex. Mar. 31, 2022).

## III. DISCUSSION

The TPPCA provides procedural guardrails and deadlines on insurers to "promote the prompt payment of insurance claims." TEX. INS. CODE § 542.054. As

3

detailed in the Report, recent amendments to the TPPCA altered the amount of damages available for any first-party claim "made by an insured under an insurance policy providing coverage for real property" that "arises from damage to or loss of covered property caused" by hail, wind, or rainstorm. TEX. INS. CODE § 542A.001(2). For such claims, the statutory interest rate "on the amount of the claim" is calculated as the amount prescribed by the relevant provision of the Texas Finance Code added to a base of five percent per annum. TEX. INS. CODE § 542.060(c). Further, statutory attorney's fees are limited to the lesser of the amount of attorney's fees (1) "supported at trial" *or* (2) "that may be awarded to the claimant under other applicable law" *or* (3) as calculated by the following formula:

> (A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and

> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

TEX. INS. CODE § 542A.007(a).

The parties agree that these amendments apply to Morakabian's TPPCA claim, but disagree as to their effect. The Report concluded that Morakabian lacks any cognizable TPPCA claim for either statutory interest or statutory attorney's fees. Morakabian objects to the Report's conclusion on both issues. Following a de novo review, the Court concludes that Morakabian's objections lack merit.

**A. Morakabian's First Objection**

First, Morakabian objects to the Report's conclusion that Allstate's $4,699.00 payment to Morakabian forecloses Morakabian's eligibility for statutory interest under the TPPCA. Morakabian does not object to the Report's determination that $4,699.00 exceeds the statutorily permitted interest available under the TPPCA. (Dkt. #66 at 13–14). Rather, Morakabian contends that Allstate's "gratuitous" $4,699.00 payment does not foreclose his ability to seek interest under the TPPCA, and he cites several bases for this argument. The Court considers each in turn.

First, the Court is unpersuaded by the Houston Court of Appeal's decision in *Texas Fair Plan Ass'n* that payment of an appraisal award plus payment of all statutory interest, did not as a matter of law vitiate a TPPCA claim. *Tex. Fair Plan Ass'n v. Ahmed*, 654 S.W.3d 488, 489–90 (Tex. App.—Houston [14th Dist.] 2022, no pet.), *reh'g denied*. Significantly, *Texas Fair Plan Ass'n* is not a Chapter 542A action, and thus applied a different statutory framework for calculating TPPCA interest and attorney's fees. *Id.* Accordingly, *Texas Fair Plan Ass'n* has no bearing on interpreting the new statutory provisions under Chapter 542A, which undoubtedly sought to limit liability under the TPPCA.

Next, Morakabian relies heavily on *Martinez v. Allstate Vehicle & Property Insurance Co.*, No. 4:19-CV-2975, 2020 WL 6887753 (S.D. Tex. Nov. 20, 2020) and *Ahmad v. Allstate Fire & Casualty Insurance Co.*, No. 4:18-CV-4411, 2021 WL 2211799 (S.D. Tex. June 1, 2021). At the outset, the Court notes that *Ahmad* is of no stand-alone value, given that the pertinent analysis from that case was grounded solely in the holding of *Martinez*, and is therefore wholly derivative. And examining

5

*Martinez*, the Court is unpersuaded by its analysis.

In *Martinez*, the court held that an insurance company's payment of the appraisal award plus interest did not moot the plaintiff's TPPCA claim. *Martinez*, 2020 WL 6887753, at *2.[1] However, as it relates to interest payments, this conclusion cuts directly against the facts and posture of this case. Here, Morakabian does not object to the Report's conclusion that he was paid the maximum amount of statutorily permitted interest under the TPPCA—as calculated based off the appraisal value.[2] In fact, the record shows that Morakabian accepted the interest payment and cashed the check.

Indeed, Morakabian presents no summary-judgment evidence that "there exists a genuine issue of material fact" concerning the amount of TPPCA interest owed to him. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

---

[1] The Court finds more instructive the decisions in *McNeely* and *White*, among other cases, in which courts have held that an insurance company's payment of the appraisal award plus all interest renders the plaintiffs' TPPCA claims moot where there is no dispute as to the "amount of the claim." *See* (Dkt. #66 at 17–18) (citing *McNeely v. State Farm Lloyds*, No. 4:21-CV-1120-O, 2022 WL 14915590, at *2 (N.D. Tex. Oct. 25, 2022); *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-CV-00066, 2022 WL 2954338, at *2 (S.D. Tex. July 26, 2022)); *see also Arnold v. State Farm Lloyds*, No. CV H-22-3044, 2023 WL 2457523, at *5 (S.D. Tex. Mar. 10, 2023) ("Assuming that State Farm is liable on the claims, the court nonetheless must grant summary judgment for State Farm [on the TPPCA claim]. This is because the plaintiffs do not dispute the amount of interest paid on the appraisal awards and cannot recover attorney's fees under the statute—the sole remedies authorized by the Act."); *Royal Hosp. Corp. v. Underwriters at Lloyd's London*, No. 3:18-CV-102, 2022 WL 17828980, at *10 (S.D. Tex. Nov. 14, 2022) ("The uncontroverted evidence is that Beazley paid Royal interest on the amount of the claim at a rate of 18 percent a year as damages. Thus, the amount to be awarded to Royal in a judgment on its TPPCA claim is zero dollars, which would result in an award of no attorney's fees under § 542A.007(a)(3)." (quotations omitted)).

[2] The Court describes *infra* Section III(B)(ii) that Morakabian presents no summary-judgment type evidence disputing that the appraisal rate is the "amount of the claim." Accordingly, the appraisal rate is the appropriate number to use for calculating statutory interest under the TPPCA.

Rather, Morakabian makes the farfetched argument that regardless of "how much money Allstate tendered, offered, or paid and regardless of what Allstate called it," Morakabian would still have a cognizable TPPCA claim for interest. (Dkt. #68 at 4). But such allegations are not evidence, and Morakabian fails to present a genuine issue of material fact as it relates to the amount of interest owed. Given that no rational jury could find for Morakabian as it relates to the amount of interest, Allstate is entitled to summary judgment on that issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

Finally, the Court rejects Morakabian's policy argument that the Report's "proffered construction of the law would lead to absurd results" by permitting an insurer to "invoke appraisal, pay the award but no interest or attorneys' fees, and then – on the eve of trial or even *during* trial – make a payment, call it 'interest,' and eviscerate the insured's TPPCA claim." (Dkt. #68 at 4). Even if the Court agreed with Morakabian's underlying policy concerns, such considerations are best addressed by the relevant law-making body—here, the Texas Legislature—and not by this Court.[3] *See In re Allen*, 366 S.W.3d 696, 708 (Tex. 2012) ("The role of the judicial branch in

---

[3] In fact, Morakabian's preferred construction of the TPPCA could lead to an even more absurd result by permitting a TPPCA claim to proceed where a plaintiff has no possibility of recovering statutory interest nor statutory attorney's fees. In *Martinez*, the court acknowledged that should the plaintiff prevail in her TPPCA claim, her damages would "need to be offset by any overpayment [the insurance company] previously rendered to [plaintiff]." *Martinez*, 2020 WL 6887753, at *2. Here, that offset would put Morakabian in the red because $4,699.00 exceeds the statutorily permitted interest available under the TPPCA and Morakabian has already received payment for the appraisal award. Thus, if the Court were to sustain this objection, the Court would be countenancing a claim proceeding despite Morakabian's inability to recover damages.

our government is important but that role is not to second-guess the policy choices that inform our statutes or to weigh the effectiveness of their results; rather, our task is to interpret those statutes in a manner that effectuates the Legislature's intent.") (quotations omitted); *Lennar Corp. v. Markel Am. Ins. Co.*, 413 S.W.3d 750, 763 (Tex. 2013) (Boyd, J., concurring) ("The better choice for courts . . . is if changes to insurance policy language are to be mandated . . . the changes should be left to the Legislature and regulatory agencies." (quotations omitted)).

Because the Court finds that the Report correctly concluded that Allstate's $4,699.00 payment to Morakabian forecloses Morakabian's eligibility for statutory interest under the TPPCA, the first objection is overruled.

## B. Morakabian's Second Objection

Second, Morakabian objects to the Report's conclusion that he is not eligible for attorney's fees under the TPPCA because the method in which attorney's fees are calculated under Section 542A.007 necessarily results in attorney's fees of zero dollars. The Report concluded that Section 542A.007's "amount *to be awarded in the judgment* . . . under the insurance policy for damage to or loss of covered property" language refers to an unpaid policy benefit which no longer exists once an appraisal award has been paid in full. (Dkt. #66 at 21). Because the parties do not dispute that Allstate paid Morakabian the full appraisal award, the Report concluded that Morakabian was ineligible for attorney's fees under the TPPCA.

In his objection, Morakabian primarily relies on two Texas Supreme Court decisions and a policy argument about the consequences of adopting the Report's interpretation of Section 542A.007. (Dkt. #68 at 4–12). None is persuasive. The Court

addresses each in turn.

### i. Section 542A.007(a)

Before assessing the authority underpinning Morakabian's objection, the Court reviews the applicable statutory text. Because the Court is sitting in diversity, it will apply the substantive law of the forum state. *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014). As a result, this Court will apply Texas law to Morakabian's TPPCA claim. In resolving issues of Texas state law, federal courts look to decisions of the Texas Supreme Court. *Hux v. S. Methodist Univ.*, 819 F.3d 776, 780 (5th Cir. 2016). If that court has not ruled on the issue, the federal court must make what is known as an "*Erie* guess." *Id.* (footnote omitted). In other words, it must predict what the Texas Supreme Court would do if faced with the facts currently before the federal court. *Id.* Generally, state intermediate courts' decisions are the strongest indicator of what a state supreme court would do. *Id.* at 780–81. Because neither the Texas Supreme Court nor Texas appellate courts have interpreted Chapter 542A, this Court will look to how the Texas Supreme Court generally interprets statutes in analyzing Morakabian's TPPCA claim under Chapter 542A.

Under Texas law, courts interpret a statute by looking to its plain language—"construing the text in light of the statute as a whole." *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). Thus, if "the statute's plain language is unambiguous, [courts] interpret its plain meaning, presuming that the Legislature intended for each of the statute's words to have a purpose and that the Legislature purposefully omitted words it did not include." *Id.* This Court will apply the Texas Supreme Court's

directive in performing its "*Erie* guess" of Section 542A.007(a).

The plain language of Section 542A.007(a) makes clear that payment of the appraisal award extinguishes a plaintiff's right to attorney's fees under the TPPCA. As relevant here, Section 542A.007(a) sets the following baseline for calculating attorney's fees: "the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property." TEX. INS. CODE § 542A.007(a)(3)(A). The issue presented is what amount remains of Morakabian's "*claim*" under his insurance policy, as that number is then used to calculate TPPCA attorney's fees. Because Morakabian received payment of the appraisal award which covers his claim under the insurance policy, he necessarily has no remaining "claim under [his] insurance policy." TEX. INS. CODE § 542A.007(a)(3)(A); *see also Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019) (holding that once "benefits [under an insurance policy] have already been paid" attorney's fees are not available as such fees must be "premised on an award of underlying 'actual damages'"). Indeed, Morakabian nonsuited his breach of contract claim—the only claim he brought to obtain damages for his "claim under the insurance policy."[4] TEX. INS. CODE § 542A.007(a)(3)(A).

### ii. Texas Supreme Court decisions

Morakabian relies on two Texas Supreme Court cases to rebut the Report—*Barbara Technologies Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019) and

---

[4] The Court agrees with the Magistrate Judge and the other district courts that have similarly interpreted the statute. (Dkt. #66 at 22–24) (citing district court decisions similarly interpreting the statute).

*JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481 (Tex. 2019). Neither case undermines the Report's analysis. First, as the Report aptly notes, *Barbara Technologies* involved an insurance dispute that predates September 1, 2017, and thus did not apply Section 542A.007, the statutory provision at issue here. (Dkt. #66 at 24).

To the extent that *Barbara Technologies* is nevertheless relevant, that case does not alter the Court's analysis of Morakabian's claim. The Court understands that *Barbara Technologies* recognizes the possibility that there could exist a theoretical distinction between an accepted, undisputed appraisal amount and the amount of the "claim under the insurance policy" as that phrase exists in the TPPCA interest provision. However, on the record before the Court, there is simply no evidence to enable a factfinder to conclude that Morakabian's damages, *i.e.*, the amount of his "claim," is anything other than the appraisal amount. Because this amount is uncontested, summary judgment is appropriate for the insurer as to TPPCA statutory damages.

Morakabian also cites the Texas Supreme Court's decision in *JCB* for the proposition that the Report improperly interpreted the plain meaning of Section 542A.007. He argues that, because Section 542A.007 lacks the word "unpaid," under *JCB* the Court should assume that the "claim under the insurance policy" language invariably refers to insurance claims paid or unpaid. Not so. Rather, the court in *JCB* held that because the Sales Representative Act included the word "unpaid," based on its plain text, it necessarily did not apply to commissions that had already been paid.

11

*JCB*, 597 S.W.3d at 488. But here, Section 542A.007 includes neither the term "paid" or "unpaid" regarding the "claim under the insurance policy." Thus, *JCB* does not change the Court's analysis.

### iii. Policy objection

Finally, Morakabian contends that, under the Report's interpretation of Section 542A.007, "an insurer who pays the award *without* also paying interest could use Section 542A.007 to avoid paying attorneys' fees under the TPPCA because *interest* awarded in a judgment would not fall under the umbrella of Section 542A.007(a)(3)(A)." (Dkt. #68 at 10) (emphasis in original). In Morakabian's view, this "cannot *possibly* be the result that the Legislature intended." (Dkt. #68 at 10) (emphasis in original).

Morakabian's policy pitch urges the Court to ignore the plain text of Section 542A.007 in favor of a construction that, while departing from the text, would embrace Morakabian's vision of the Texas Legislature's actual intent. Of course, doing so would involve this Court taking up the "legislative pen" to effectively rewrite Texas statutory law. The Court rejects Morakabian's invitation. Consistent with the guidance of the Texas Supreme Court, this Court must interpret and enforce the unambiguous provisions of Section 542A.007 as written. *In re Allen*, 366 S.W.3d at 708 ("[T]he Court must adopt the interpretation of the statute that is most faithful to its text." (quoting *Harbison v. Bell,* 556 U.S. 180, 199, 129 S.Ct. 1481, 173 L.Ed.2d 347 (2009) (Thomas, J., concurring))).

**C. Morakabian's Third, Fourth, Fifth, and Sixth Objections**

Morakabian's third, fourth, fifth, and sixth objections all relate back to his first two objections. Specifically, Morakabian objects to the Report's conclusion that (1) Morakabian is not entitled to statutory interest under the TPPCA due to Allstate's $4,699.00 payment, (2) Morakabian is entitled to $0 judgment resulting in no attorney's fees due to Allstate's payment of the full appraisal award, and (3) Allstate's summary-judgment motion should be granted. For the reasons stated above, these objections are overruled.

## IV. CONCLUSION

Based on the foregoing reasons, the Court concludes that Plaintiff's Objections to the Report and Recommendation of United States Magistrate Judge, (Dkt. #68), are **OVERRULED**. It is therefore **ORDERED** that Allstate's Motion for Summary Judgment, (Dkt. #32), is **GRANTED**.

The Court will enter a final judgment by separate order.

**So ORDERED and SIGNED this 30th day of March, 2023.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE